**ATTORNEYS FOR FREEDOM LAW FIRM**
3185 South Price Road
Chandler, Arizona 85248
Telephone: (480) 755-7110
Fax: (480) 857-0150
**Marc J. Victor – SBN 016064**
Marc@AttorneysForFreedom.com

**DANIEL J. ALBREGTS, LTD.**
Attorneys at Law
602 South Tenth Street, Suite 202
Las Vegas, Nevada 89101
Telephone: (702) 474-4004
Fax: (702) 474-0739
**Daniel Albregts – Nevada Bar Number 4435**
albregts@hotmail.com

Attorneys for Defendant Douglas Haig

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

|  |  |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | ) Case No. 2:18-cr-256 |
| | ) |
| | ) MOTION TO DISMISS |
| v. | ) |
| | ) |
| Douglas Haig, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |
|_____ | ) |

Defendant, Douglas Haig, by and through undersigned counsel, pursuant to Fed. R.

Crim. P. 12(b)(1), moves this Court to dismiss the Indictment because the charging statute, 18

U.S.C. § 922(a)(1)(B) ("the statute"), is unconstitutionally vague within the meaning of the

Due Process Clause of the Fifth Amendment to the United States Constitution.  The statute criminalizes engaging in the business of manufacturing ammunition without a license but what conduct constitutes "manufacturing" is not defined.  Thus, the statute contains a vague enforcement standard susceptible to arbitrary enforcement, and it fails to give fair and adequate notice of the type of conduct prohibited.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.      **Facts:**

The Government charged Mr. Haig with Engaging in the Business of Manufacturing Ammunition Without a License in violation of U.S.C. § 18-922(a)(1(B) and 924(a)(1)(D).[1]

> It shall be unlawful for any person except a licensed importer or licensed manufacturer, to engage in the business of importing or manufacturing ammunition, or in the course of such business, to ship, transport, or receive any ammunition in interstate or foreign commerce.

> 18 U.S.C. § 922(a)(1)(B).

The noun "manufacturer" is defined, but the verb manufacturing is not defined in either the United States Code or the Code of Federal Regulations.

> The term "manufacturer" means any person engaged in the business of manufacturing firearms or ammunition for purposes of sale or distribution; and the term "licensed manufacturer" means any such person licensed under the provisions of this chapter.

> 18 U.S.C. 921 (10)

/ / /

---

[1]  18 U.S.C. § 924(a)(1)(D), also cited in the Indictment, does not define the crime but limits punishment to a fine and five years imprisonment.

"Manufacturer. Any person who is engaged in the business of manufacturing firearms." 27 C.F.R. § 479.11[2]

The Government will present evidence toolmarks from Mr. Haig's "reloading press" were found on cartridges found in Las Vegas.  The Government will argue this evidence proves Mr. "Haig was actually selling the ammunition that he **manufactured . . . "**  In other words the Government's theory is reloading is the same as manufacturing.  *See* ECF No. 42, p 3, 8-9.

## II.      Law and Argument

A pretrial motion to dismiss a criminal case based upon a question of law rather than fact is appropriate.  Fed. R. Crim. P. 12(b)(1); *United States v. Shortt Accountancy Corp.,* 785 F.2d 1448, 1452 (9th Cir. 1986).

### Void-for-Vagueness Doctrine

"Our Constitution is designed to maximize individual freedoms within a framework of ordered liberty.  Statutory limitations on those freedoms are examined for substantive authority and content as well as for definiteness or certainty of expression."  *Kolender v. Lawson,* 461 U.S. 352, 356 (1983).

"Vagueness may invalidate a criminal law for either of two independent reasons.  First, it may fail to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits; second, it may authorize and even encourage arbitrary and discriminatory

---

[2] Other definitions in the C.F.R. are similar.  E.g. Manufacturer.  Any person engaged in the business of manufacturing explosive materials for purposes of sale or distribution or for his own use.  C.F.R. §555.11

enforcement." *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (Ordinance prohibiting gang

members from loitering in public places was unconstitutionally vague.);  *See also Sessions v.*

*Dimaya,* 138 S.Ct. 1204 (2018) (In immigration case the residual clause of the statutory

definition of "crime of violence" was impermissibly vague.); *Johnson v. United States,* 135

S.Ct. 2551 (2015)  (In criminal case, the residual clause of the Armed Career Criminal Act

defining "violent felony" to include crime which "involves conduct that presents a serious

potential risk of physical injury to another" was unconstitutional vague.).

> The Ninth Circuit has set out a specific framework for evaluating whether a criminal law is void for vagueness. The "test is whether the text of the statute and its implementing regulations, read together, give ordinary citizens fair notice with respect to what the statute and regulations forbid, and whether the statute and regulations read together adequately provide for principled enforcement by making clear what conduct of the defendant violates the statutory scheme." *United States v. Zhi Yong Guo*, 634 F.3d 1119, 1122–23 (9th Cir.2011).  When, as here, the challenged laws do not involve First Amendment rights, vagueness is evaluated on an as-applied basis and "must be examined in the light of the facts of the case at hand." *United States v. Harris*, 705 F.3d 929, 932 (9th Cir.2013). The inquiry is specific to the individual defendant and "turns on whether the statute provided adequate notice to him that his particular conduct was proscribed." *Id.* (emphasis added). "For statutes involving criminal sanctions the requirement for clarity is enhanced." *Id.* (internal quotation marks and citations omitted).

*United States v. Jimenez*, 191 F. Supp. 3d 1038, 1041 (N.D. Cal. 2016) (Dismissal

ordered because Defendant did not have notice buying lower receiver of an AR-15 would

subject him to criminal penalties based on the lower receiver being treated as "the receiver"

under the statutory definition of "machinegun.").

It is important to keep in mind Mr. Haig's vagueness challenge is to the meaning of

manufacturing--a specific portion of 18 U.S.C. 922(a)(1)(B).  Appellate courts have rejected

vagueness challenges to 18 U.S.C. § 922(a)(1)'s "engaged in the business" clause.  *See e.g.*
*United States v. Van Buren*, 593 F.2d 125 (9th Cir. 1979); *United States v. Kowalski,* 502 F.2d
203, 205 (7th Cir. 1974).  Mr. Haig is not challenging the "engaged in the business" clause of
the statute.  His vague challenge is based upon the undefined term "manufacturing."

In defending against Mr. Haig's vagueness challenge, the Government's must establish
Mr. Haig had fair notice his conduct was proscribed and the FBI's action against him was not
arbitrary.  *See United States v. Harris,* 705 F.3d 929, 932 (9th Cir. 2013); *Jimenez*, 191 F.
Supp. 3d at 1041.

### A.  No Fair Notice

A criminal statute which fails to "define the criminal offense with sufficient
definiteness that ordinary people can understand what conduct is prohibited and in a manner
that does not encourage arbitrary and discriminatory enforcement" is unconstitutionally void-
for-vagueness.  *Kolender,* 461 U.S. at 357; *United States v. Gileno*, ____ F.Supp. ___ (C.D.
California 2018).

 "[T]he purpose of the fair notice requirement is to enable the ordinary citizen
to conform his or her conduct to the law.  No one may be required at peril of life,
liberty or property to speculate as to the meaning of penal statutes." *Morales*, 527
U.S. at 58 (citations and internal quote omitted).

The conduct criminalized by 18 U.S.C. §922(a)(1)(B) is "manufacturing."  But, neither
the United States Code or the Code of Federal Regulations ("C.F.R.") provide fair warning of
what conduct constitutes manufacturing.  *See* 18 U.S.C. § 921.

"The void-for-vagueness doctrine, as we have called it, guarantees that ordinary people have "fair notice" of the conduct a statute proscribes." *Dimaya*, 138 S.Ct. at 1212. The salient question is how a person in Mr. Haig's position would know from the statutes and regulations what conduct constitutes manufacturing requiring him to obtain a license. *See Jimenez*, 191 F. Supp. 3d at 1041. The District Court in *Jimenez* found the Government's effort to find clear notice and standards outside the statutes and C.F.R. unpersuasive. *Id.*

The statutory and regulatory definitions of manufacturer are circular, and manufacturing is undefined. *See* 18 U.S.C. § 921 and 27 C.F.R. 479.11. Thus, manufacturing is not defined with enough definiteness to allow ordinary people to understand what conduct constitutes engaging in the business of "manufacturing" ammunition.

Neither the statutes or regulations put Mr. Haig on notice reloading ammunition was "manufacturing" ammunition. Moreover, a published Bureau of Alcohol Tobacco and Firearms ("ATF") ruling support the opposite conclusion. ATF Rul. 2009-2 advised, "Any person who installs "drop in" replacement parts in or on an existing fully assembled firearms does not manufacture a firearm and does not need to be licensed as a manufacturer under the Gun Control Act." A copy is attached as Exhibit 1

While ATF Rul. 2009-2 speaks of manufacturing firearms, it defines a phrase common to both firearms and ammunition, manufacture, and therefore it is appropriate to apply it to ammunition as well as firearms. The Government has conceded this logic writing,

This section [18 U.S.C. § 921(22)] speaks of firearms, but appears intended to apply also to ammunition since it defines a common phrase applied in the immediately preceding paragraph to both firearms and ammunition.

ECF No. 42, fn 6.

Applying this logic to ATF Rule. 2009-2 leads an ordinary citizen such as Mr. Haig to conclude reloading cartridges with replacement parts, such as primers, projectiles and powder, is not manufacturing and a license to sell reloaded ammunition is not required.

### B.  Arbitrary and Discriminatory Enforcement is Encouraged

In *Kolender*, the Court found a criminal statute which required certain individuals to produce "credible and reliable" identification. unconstitutionally vague on its face.  "[T]he statute vests virtually complete discretion in the hands of the police to determine whether the suspect has satisfied the statute and must be permitted to go on his way in the absence of probable cause to arrest."  *Kolender,* 461 U.S. at 358.

> Although the [void-for-vagueness] doctrine focuses both on actual notice to citizens and arbitrary enforcement, we have recognized recently that the more important aspect of vagueness doctrine "is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law enforcement." Where the legislature fails to provide such minimal guidelines, a criminal statute may permit "a standardless sweep [that] allows policemen, prosecutors, and juries to pursue their personal predilections."
>
> *Kolender,* 461 U.S. 357-358.

The Chicago prohibition against loitering "also violate[d] 'the requirement that a legislature establish minimal guidelines to govern law enforcement.'"  *Morales*, 527 U.S. at 60 (citing *Kolender*)

In *Jimenez*, the District Court weighed the randomness in the ATF's enforcement practice against the Government's notice theory and was troubled by the Government's

argument it should prevail because ATF has consistently enforced their interpretation of the law. The District Court wrote, "consistency alone does not make a practice constitutional, reasonable or fair." *Jimenez*, 191 F. Supp. 3d at 1044 -1045.

A review of the annotations to the statute leads to the conclusion a prosecution of someone for a single count of Engaging in the Business of Manufacturing Ammunition is rare. It is also apparent from the Government's filings the catalyst for the prosecution of Mr. Haig is his sale of ammunition to Stephen Paddock. Without this unfortunate connection to the nation's worst mass shooting, Mr. Haig suspects he would not have been investigated by the Federal Bureau of Investigation and charged with violating the statute. Instead, he suspects, at worst, he would have been warned by the Bureau of Alcohol Tobacco and Firearms, he needed a license to sell reloaded ammunition. This case smacks of the type of arbitrary and discriminatory enforcement the void-for-vagueness doctrine is designed to eliminate.

/ / /

/ / /

 / / /

/ / /

/ / /

/ / /

/ / /

/ / /

**III.     Conclusion**

For the foregoing reasons, Mr. Haig moves this Court to issue its order

declaring 18 U.S.C. §922(a)(1)(B) unconstitutionally void because it fails to define the

meaning of manufacturing.

Mr. Haig also moves this Court to issue its Order Dismissing the Indictment.

RESPECTFULLY SUBMITTED January 31, 2019.

ATTORNEYS FOR FREEDOM LAW FIRM


By:     */s/ Marc J. Victor*
        Marc J. Victor
        Attorney for Defendant


CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2019, I filed the Original with the Clerk of the
Court using the CM/ECF System for filing and transmittal a Notice of Electronic Filing to
the following CM/CEF registrants:

John Patrick Burns, Esq.
john.p.burns@usdoj.gov


*/s/ Carmen Garcia*

9