DAYLE ELIESON
United States Attorney
PATRICK BURNS
Nevada Bar No. 11779
CRISTINA D. SILVA
Nevada Bar No. 13760
NICHOLAS D. DICKINSON
Assistant United States Attorneys
501 Las Vegas Blvd. South, Ste. 1100
Las Vegas, Nevada 89101
Phone: (702) 388-5069 / Fax: (702) 388-5087
cristina.silva@usdoj.gov
john.p.burns@usdoj.gov
nicholas.dickinson@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO.: 2:18-cr-00256-JCM-VCF** |
| Plaintiff, | |
| vs. | **STIPULATION REGARDING INSPECTION OF EVIDENTIARY ITEMS** |
| **DOUGLAS HAIG,** | |
| Defendant. | |

It is hereby stipulated and agreed, by and between DAYLE ELIESON, United States Attorney, through PATRICK BURNS, Assistant United States Attorney, and MARC VICTOR, ESQ., counsel for Defendant DOUGLAS HAIG, that:

1. Defendant DOUGLAS HAIG wishes to exercise his right to inspect certain items of physical evidence collected by the government in its investigation of this case. The government has agreed to facilitate that inspection and make the particular items available for Mr. Ronald Nichols of Nichols Forensic Science Consulting to examine on Defendant's behalf. As identified in the July 5, 2018 laboratory report prepared by FBI Laboratory

Forensic Examiner Eric D. Smith, the specific items to be inspected by Mr. Nichols are the following:

Under Case ID Number LV-2220539 assigned Laboratory Number 2017-02927-2:

- Item 1 along with Items 1-1, 1-3, 1-4, 1-5, 1-6, and 1-7
- Item 2 along with Items 2-1, 2-2, 2-3, 2-4, 2-5 and 2-6
- Item 38
- Item 38-2
- Items 90-93
- Item 90-1
- Item 90-2
- Item 90-3
- Item 91-1
- Item 92-1
- Item 93-1
- Item 244 - Secondary evidence (322 cartridge cases used to examine dies, 26 cartridges, 5 casts)

Under Case ID LV-2214483 assigned Laboratory Number 2017002788-19:

- Item 38-1
- Item 38-2
- Item 39-1
- Item 39-1-1
- Item 39-2
- Item 40-1
- Item 40-1-1
- Item 40-1-2
- Item 68-1
- Item 68-2
- Item 77-1
- Item 77-1-1
- Item 3353-2
- Item 3353-3

(collectively, "the Inspected Items")

2. Defendant's expert witness Mr. Nichols will be permitted to examine the Inspected Items at a facility in the state of Virginia during the period January 16-17, 2019.

Mr. Nichols will be provided a workspace sufficient to permit him to conduct a meaningful inspection of the Inspected Items and to make notes, photographs, video, and other observations necessary for generating a meaningful and full report about the Inspected Items. He shall also be permitted to utilize Wi-Fi instrumentation during the inspection, and to make casts of Inspected Items to take with him for later analysis;

3. Defendant agrees that, during the inspection, Mr. Nichols is responsible for safeguarding the Inspected Items, preserving their integrity, and repackaging and resealing them in a manner sufficient to deter and allow the detection of any subsequent tampering;

4. Defendant agrees that any damage, loss, destruction, or any other form of spoliation or degradation of the Inspected Items or their evidentiary value during Mr. Nichols's examination will not be attributable to the government and will not be a basis for challenging the admissibility of the Inspected Items at trial;

5. Upon completing his examination, Mr. Nichols shall return any residual material or original packaging to the FBI Laboratory;

6. Defendant and the government agree that by inspecting the Inspected Items, defendant waives any challenge to the chain of custody for those particular items.

7. Defendant does not by this stipulation agree to the admissibility of the Inspected Items at trial;

8. Defendant does not by this stipulation waive any other rights to challenge the admissibility or to seek exclusion of the Inspected Items on bases unrelated to their chain of custody;

9. Defendant does not by this stipulation stipulate to the chain of custody as to

any other items other than the Inspected Items;

10. In accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant shall provide the government with a copy of the results or reports of Mr. Nichols's examination and analysis;

11. The government does not by this stipulation agree to waive any rights to challenge the admissibility of evidence, observations, or opinions generated by Mr. Nichols through the examination of the Inspected Items.

12. The government shall not use this stipulation for any purpose other than establishing the foundational chain of custody for the Inspected Items.

Dated this 16th day of January, 2019

                                                          DAYLE ELIESON
                                                          United States Attorney

   //s//                                              //s//
By: _____              By:_____
  MARC VICTOR, ESQ.                    PATRICK BURNS
Counsel for Defendant Sanders        Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>DOUGLAS HAIG,<br><br>                Defendant. | CASE NO.: 2:18-cr-00256-JCM-VCF<br><br>**FINDINGS OF FACT** |

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds and orders that:

1. Defendant DOUGLAS HAIG wishes to exercise his right to inspect certain items of physical evidence collected by the government in its investigation of this case. The government has agreed to facilitate that inspection and make the particular items available for Mr. Ronald Nichols of Nichols Forensic Science Consulting to examine on Defendant's behalf. As identified in the July 5, 2018 laboratory report prepared by FBI Laboratory Forensic Examiner Eric D. Smith, the specific items to be inspected by Mr. Nichols are the following:

<u>Under Case ID Number LV-2220539 assigned Laboratory Number 2017-02927-2</u>:

- Item 1 along with Items 1-1, 1-3, 1-4, 1-5, 1-6, and 1-7
- Item 2 along with Items 2-1, 2-2, 2-3, 2-4, 2-5 and 2-6
- Item 38
- Item 38-2
- Items 90-93
- Item 90-1
- Item 90-2
- Item 90-3

- Item 91-1
- Item 92-1
- Item 93-1
- Item 244 - Secondary evidence (322 cartridge cases used to examine dies, 26 cartridges, 5 casts)

Under Case ID LV-2214483 assigned Laboratory Number 2017002788-19:

- Item 38-1
- Item 38-2
- Item 39-1
- Item 39-1-1
- Item 39-2
- Item 40-1
- Item 40-1-1
- Item 40-1-2
- Item 68-1
- Item 68-2
- Item 77-1
- Item 77-1-1
- Item 3353-2
- Item 3353-3

(collectively, "the Inspected Items")

2. Defendant's expert witness, Mr. Nichols, will be permitted to examine the Inspected Items at a facility in state of Virginia during the period January 16-17, 2019. Mr. Nichols will be provided a workspace sufficient to permit him to conduct a meaningful inspection of the Inspected Items and to make notes, photographs, video, and other observations necessary for generating a meaningful and full report about the Inspected Items. He shall also be permitted to utilize Wi-Fi instrumentation during the inspection;

3. Defendant agrees that, during the inspection, Mr. Nichols is responsible for safeguarding the Inspected Items, preserving their integrity, and repackaging and resealing them in a manner sufficient to deter and allow the detection of any subsequent tampering;

4. Defendant agrees that any damage, loss, destruction, or any other form of spoliation or degradation of the Inspected Items or their evidentiary value during Mr. Nichols's examination will not be attributable to the government and will not be a basis for challenging the admissibility of the Inspected Items at trial;

5. Upon completing his examination, Mr. Nichols shall return any residual material or original packaging to the FBI Laboratory;

6. Defendant and the government agree that by inspecting the Inspected Items, defendant waives any challenge to the chain of custody for those particular items.

7. Defendant does not by this stipulation agree to the admissibility of the Inspected Items at trial;

8. Defendant does not by this stipulation waive any other rights to challenge the admissibility or to seek exclusion of the Inspected Items on bases unrelated to their chain of custody;

9. Defendant does not by this stipulation stipulate to the chain of custody as to any other items other than the Inspected Items;

10. In accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant shall provide the government with a copy of the results or reports of Mr. Nichols's examination and analysis;

11. The government does not by this stipulation agree to waive any rights to challenge the admissibility of evidence, observations, or opinions generated by Mr. Nichols in the course of the examination of the Inspected Items; and

12. The government shall not use this stipulation for any purpose other than

establishing the foundational chain of custody for the Inspected Items.

**IT IS SO ORDERED**                    Nunc Pro Tunc  January 16, 2019

Dated this 7th day of February, 2019.

By: _____
    Cam Ferenbach
    United States Magistrate Judge

## Certificate of Service

I, Patrick Burns, hereby certify that I am an employee of the United States Department of Justice, and that on this day I served a copy of the following: **STIPULATION REGARDING INSPECTION OF EVIDENTIARY ITEMS**, upon counsel for all defendants appearing in this matter via the CM/ECF system, by electronically filing said document.

Date: January 16, 2019       //s//   Patrick Burns
                             PATRICK BURNS
                             Assistant United States Attorney
                             District of Nevada