# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

## ***

UNITED STATES OF AMERICA,

            Plaintiff,

vs.

DOUGLAS HAIG,

            Defendant.

2:18-cr-00256-JCM-VCF

**REPORT AND RECOMMENDATION**

MOTION TO DISMISS [ECF NO. 45]

Before the Court is Defendant Douglas Haig's Motion to Dismiss. (ECF No. 45). For the reasons discussed below, Defendant's motion should be denied.

## BACKGROUND

In this case, Defendant is charged with engaging in the business of manufacturing ammunition without a license under 18 U.S.C. § 922(a)(1)(B). (ECF No. 10). In indictment alleges Defendant "did willfully engage in the business of manufacturing and importing ammunition," but does not give any detail as to how Defendant manufactured ammunition. (*Id.*).

In his motion to dismiss the indictment, Defendant argues that 18 U.S.C. § 922(a)(1)(B) is unconstitutionally vague because it (and the United States Code and Code of Federal Regulations as a whole) does not define the term "manufacturing." (ECF No. 45 at 1-2). Plaintiff asserts the lack of a definition means individuals do not have fair notice of what the statue prohibits and the Government can engage in arbitrary and discriminatory enforcement of the law. (*Id.* at 5-8). Defendant alleges that the Government's proof in this case is that Defendant used a "reloading press" on ammunition, so "the Government's theory is reloading is the same as manufacturing." (*Id.* at 3). While Defendant refers to

"reloading" ammunition, he does not explain the process other than to state it involved "reloading cartridges with replacement parts, such as primers, projectiles and powder." (*Id.* at 7).

In response, the Government argues that "manufacturing" is a commonly understood term. (ECF No. 51 at 7-15). The Government also asserts that this motion to dismiss is premature, as it would require presenting evidence of the reloading process for the Court to evaluate (*Id.* at 4-7). The Government defines reloading as "the mechanical process of assembling the component parts of an ammunition cartridge…into a finished piece of ammunition." (*Id.* at 2) The Government also argues that Defendant has failed to show that there is a risk of arbitrary and discriminatory enforcement. (*Id.* at 15-17).

## DISCUSSION

"A criminal statute is void for vagueness if it is not sufficiently clear to provide guidance to citizens concerning how they can avoid violating it and to provide authorities with principles governing enforcement." *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013) (quoting *Zhi Yong Guo,* 634 F.3d at 1121). "The law must "delineate[] its reach in words of common understanding." *Anderson v. Williams*, No. 2:10-cv-01916-KJD-LRL, 2011 WL 2580665, at *4 (D. Nev. June 27, 2011) (quoting *Cameron v. Johnson,* 390 U.S. 611, 616 (1968)). "When a statute does not define a term, we generally interpret that term by employing the ordinary, contemporary, and common meaning of the words that Congress used." *United States v. Iverson*, 162 F.3d 1015, 1022-23 (9th Cir. 1998). In addition, vagueness concerns can be alleviated by a *mens rea* requirement in the statute. *United States v. Kilbride*, 584 F.3d 1240, 1258 n.9 (9th Cir. 2009). "[V]agueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand." *Harris*, 705 F.3d at 932 (quoting *United States v. Mazurie,* 419 U.S. 544, 550 (1975)).

The Court finds that "manufacturing" is a word with a common meaning that individuals of ordinary intelligence can understand. *See United States v. McCaleb*, 552 F.3d 1053, 1059 (9th Cir. 2009) (holding that, in a case involving the manufacture of drugs, the trial court did not err by failing to define

"manufacture" because it "is a common word which an average juror can understand"). "Manufacturing" has a "clear meaning that is not open to wholly subjective interpretation in the manner of other terms found to be unconstitutionally vague." *Kilbride*, 584 F.3d at 1258. Courts have defined forms of the word "manufacture" using different sources such as Merriam-Webster's Dictionary or Black's Law Dictionary.[1] *See Broughman v. Carver*, 624 F.3d 670, 675 (4th Cir. 2010); *Falco v. Nissan N. Am. Inc.*, 96 F. Supp. 3d 1053, 1058 n.2 (C.D. Cal. 2015). Though there is not an exact, universally accepted definition of "manufacturing," the definitions all share substantial elements in common such as an emphasis on making a product out of unfinished components. In addition, 18 U.S.C. § 924(a)(1)(D) provides penalties for individuals who "willfully" violate 18 U.S.C. § 922(a)(1)(B). This *mens rea* requirement further alleviates any vagueness concerns the Court may have.

The Court does not find it necessary to set a controlling definition of "manufacturing" for the purpose of Defendant's motion to dismiss. Because Defendant's case does not involve a First Amendment challenge, the alleged vagueness of the statute "must be examined in the light of the facts of the case at hand." *Harris*, 705 F.3d at 932. There are insufficient facts before the Court to evaluate a vagueness challenge to 18 U.S.C. § 922(a)(1)(B) as applied to the actions Defendant allegedly took in manufacturing ammunition. Both parties refer to "reloading," but the process has not been explained to the Court beyond basic definitions. No evidence has been presented to the Court regarding the specifics of the "reloading" process, nor would presenting evidence be appropriate at this stage of the case. Therefore, Defendant has failed to show that 18 U.S.C. § 922(a)(1)(B) did not provide adequate notice that Defendant's alleged actions were unlawful.

---

[1] Defendant argues that, "Reliance on sources outside the federal statutes and CFRs was rejected by the District Court in *United States v. Jimenez*, 191 F. Supp. 3d 1038, 1041 (N.D. Cal. 2016)." (ECF No. 57 at 4). However, *Jimenez* involved a case where the Defendant's conduct did not fit "the plain language of the law" he was prosecuted under, and the Government tried to use sources outside the law to argue the Defendant had notice that his conduct was unlawful. *Jimenez*, 191 F. Supp. 3d at 1041-43. *Jimenez's* circumstances are inapplicable to the instant case.

In addition, Defendant has failed to show that there is a danger of arbitrary or discriminatory enforcement of 18 U.S.C. § 922(a)(1)(B).  As previously discussed, "manufacturing" is a word with a common meaning that is not open to wholly subjective interpretation.  Defendant's arguments regarding the Government's choice to prosecute Defendant rather than issue a warning through the Bureau of Alcohol Tobacco and Firearms (ECF No. 45 at 8; ECF No. 57 at 7-8) relate to prosecutorial discretion rather than arbitrary enforcement of a vague statute.  If the Government had chosen to issue a warning to Defendant rather than prosecute him, the Government would still have determined that Defendant violated 18 U.S.C. § 922(a)(1)(B).  The interpretation of the statute is the same in either situation.

The Court finds that 18 U.S.C. § 922(a)(1)(B) is sufficiently clear to provide guidance to citizens concerning how they can avoid violating it and to provide authorities with principles governing enforcement.  Therefore, Defendant's motion to dismiss (ECF No. 45) should be denied.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss (ECF No. 45) should be DENIED.

DATED this 4th day of April, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

4