# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DOUGLAS HAIG,<br><br>　　　　　Defendant. | 2:18-cr-00256-JCM-VCF<br><br>**REPORT AND RECOMMENDATION**<br><br>MOTION TO WAIVE JURY TRIAL [ECF NO. 72] |

Before the Court is Defendant Douglas Haig's Contested Motion to Waive Jury Trial. (ECF No. 72). For the reasons discussed below, Defendant's motion should be denied.

## BACKGROUND

In this case, Defendant is charged with engaging in the business of manufacturing ammunition without a license under 18 U.S.C. § 922(a)(1)(B). (ECF No. 10). Though it is not mentioned in the indictment, this case is linked with the October 1, 2017 mass shooting in Las Vegas. (*See* ECF No. 36 at 1-3; ECF No. 47 at 1-4). The Government intends to use evidence regarding Defendant's alleged sales to Stephen Paddock, the shooter on October 1, in this case. (ECF No. 42 at 8).

Defendant now moves to proceed with a bench trial in this case rather than a jury trial. (ECF No. 72 at 1). While "conced[ing] the Federal Rules require the Government's consent and Court approval to waive his jury trial," Defendant argues that "[h]is case is one of the rare and exceptional cases which requires the Court to grant his motion to waive a jury without the consent of the government" due to complicated scientific and legal issues, the length and cost of a jury trial, and the prejudice and passion surrounding the October 1 shooting. (*Id.* at 3, 7-10). In response, the Government argues that granting a

contested waiver of a jury trial happens only in extreme cases distinguishable from the instant case and normal procedural safeguards will ensure that Defendant receives a fair trial. (ECF No. 73 at 5-9).

**DISCUSSION**

"If the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Fed. R. Crim. P. 23(a). In upholding the statute's validity, the Supreme Court stated, "We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial." *Singer v. United States*, 380 U.S. 24, 37 (1965). "The Supreme Court has never determined [that] the circumstances alluded to in *Singer* [have] actually existed-i.e., where requiring a defendant to undergo trial by jury would infringe his constitutional right to a fair trial-nor has it ever decided what circumstances would create such an unusual situation." *United States v. U.S. Dist. Court for E. Dist. of Cal.*, 464 F.3d 1065, 1070 (9th Cir. 2006).

"[N]o United States Court of Appeals appears to have approved a defendant's waiver of a jury over the government's objection. Indeed, the circuits that have considered this issue have uniformly upheld the trial courts' refusals to grant such waivers without governmental consent." *Id.* In overturning a district court's order granting a contested jury trial waiver, the Ninth Circuit stated, "we are confident that the able and experienced trial judge is fully capable of ensuring these defendants an impartial trial" through tool such as voir dire, evidentiary rulings, and jury instructions. *Id.* at 1071-72.

Defendant cites three district court cases from other circuits where a defendant waived a jury trial over the Government's objection. One deals with religious freedom, *United States v. Lewis*, 638 F. Supp. 573 (W.D. Mich. 1986), which is not at issue in this case. In *U.S. v. Braunstein*, the court concluded that a case involving five defendants, 19 counts for Medicaid fraud and income tax covering both state and federal laws, 40 witnesses, and 465 proposed government exhibits warranted a non-jury trial. 474 F. Supp.

1, 3, 13-18 (D.N.J. 1978). *U.S. v. Panteleakis* also dealt with multiple defendants and charges, along with the added concern that "[t]here have been inflammatory and prejudicial articles appearing in local newspapers…making it impossible to obtain a fair and impartial jury." *Id.*

The Court is not persuaded that the instant case contains such compelling circumstances that a trial by jury would result in the denial of an impartial trial for Defendant. The indictment charges one Defendant with one offense. (ECF No. 10). "The government's expert notices show intent to call one expert in the area of forensic toolmark examination." (ECF No. 73 at 7). Neither toolmark analysis nor the *mens rea* requirement for the case appear to be beyond the comprehension of an average juror, especially with the assistance of an expert and the trial judge. While Defendant asserts that "a jury trial would probably double the length and the cost of the trial" due to the length of jury selection (ECF No. 72 at 8), the Court is not persuaded that jury selection would take a prejudicially long amount of time.

A significant portion of Defendant's argument relates to the perceived prejudice and passion surrounding the October 1 shooting and purchasing guns through unlicensed sellers. (*Id.* at 8-10). Defendant argues that, "[u]nlike a judge, jurors may simply be unable to set aside their passion and prejudice to render a fair and impartial verdict in this case." (*Id.* at 10). The Court has addressed similar concerns in two previous orders. In denying a motion to transfer venue, the Court discussed "available jury selection procedures to remedy the prejudicial effect of publicity" and held that "the publicity pertaining to the charges in this case is not 'so pervasive and inflammatory' that it would deprive [Defendant] of a fair trial." (ECF No. 36 at 9). In ruling on a motion in limine, the Court excluded some evidence relating to the October 1 shooting and "emphasize[d] that procedural safeguards, such as jury instructions, will help minimize the risk of prejudice" from the evidence being presented. (ECF No. 47 at 8). These statements by the Court are equally applicable to Defendant's motion to waive jury trial.

Though the trial will present challenges, the trial judge will ensure the Defendant an impartial trial.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that Defendant's Contested Motion to Waive Jury Trial (ECF No. 72) should be DENIED.

DATED this 6th day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE