1   NICHOLAS A. TRUTANICH
    United States Attorney
2   Nevada Bar Number 13644
    PATRICK BURNS
3   Nevada Bar Number 11779
    RICHARD ANTHONY LOPEZ
4   Assistant United States Attorneys
    501 Las Vegas Boulevard South, Suite 1100
5   Las Vegas, Nevada 89101
    Phone: 702.388.5069 / Fax: 702.388.6418
6   john.p.burns@usdoj.gov
    tony.lopez@usdoj.gov
7
    *Attorneys for the United States of America*
8
                **UNITED STATES DISTRICT COURT**
9                 **FOR THE DISTRICT OF NEVADA**

10  UNITED STATES OF AMERICA,              Case No. 2:18-cr-256-JCM-VCF

11                    Plaintiff,

12          v.                             **Plea Agreement for Defendant
                                           Douglas Haig Pursuant to
13  DOUGLAS HAIG,                          Fed. R. Crim. P. 11(c)(1)(A) and (B)**

14                    Defendant.

15

16          This plea agreement between Douglas Haig ("defendant") and the United States

17  Attorney's Office for the District of Nevada (the "USAO") sets forth the parties' agreement

18  regarding the criminal charge referenced herein and the applicable sentence and forfeiture in

19  the above-captioned case. This agreement binds only defendant and the USAO and does not

20  bind the district court, the U.S. Probation Office, or any other federal, state, local, or foreign

21  prosecuting, enforcement, administrative, or regulatory authorities. This agreement does not

22  prohibit the USAO or any agency or third party from seeking any other civil or

23

24

1   administrative remedies, including civil forfeiture *in rem,* directly or indirectly against

2   defendant or defendant's property.

3       This agreement becomes effective upon signature by defendant, defendant's counsel,

4   and an Assistant United States Attorney.

## I. DEFENDANT'S OBLIGATIONS

6     1.     Defendant agrees to:

7         a.     At the earliest opportunity requested by the USAO and provided by

8   the district court, appear and plead guilty to the single-count indictment in this case, which

9   charges defendant with Engaging in the Business of Manufacturing Ammunition Without a

10   License in violation of 18 U.S.C. §§ 922(a)(1)(B) and 924 (a)(1)(D);

11         b.     Stipulate to the facts agreed to in this agreement;

12         c.     Abide by all agreements regarding sentencing contained in this

13   agreement;

14         d.     Not seek to withdraw defendant's guilty plea once it is entered;

15         e.     Appear for all court appearances, surrender as ordered for service of

16   sentence, obey all conditions of any bond, and obey any other ongoing court order in this

17   matter;

18         f.     Not commit any federal, state, or local crime;

19         g.     Be truthful at all times with the U.S. Probation and Pretrial Services

20   Offices and the Court;

21         h.     The forfeiture of the property and the imposition of the forfeiture of

22   the property as set forth in this Plea Agreement and the Forfeiture Allegation of the

23   Criminal Indictment.

24

## II. THE USAO'S OBLIGATIONS

2.     The USAO agrees to:

a.     Stipulate to facts agreed to in this agreement;

b.     Abide by all agreements regarding sentencing contained in this agreement;

c.     At sentencing, provided that defendant demonstrates an acceptance of responsibility for the offense up to and including the time of sentencing, recommend a two-level reduction in the applicable sentencing guidelines offense level, pursuant to USSG § 3E1.1, and move for an additional one-level reduction if available under that section; and

d.     Not bring any additional charges against defendant arising out of the investigation in the District of Nevada which culminated in this agreement and based on conduct known to the USAO. However, the USAO reserves the right to prosecute defendant for (a) any crime of violence as defined by 18 U.S.C. § 16; and (b) any criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371). Defendant agrees that the district court at sentencing may consider any uncharged conduct in determining the applicable sentencing guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

## III. ELEMENTS OF THE OFFENSE

3.     <u>Count One</u>: The elements of Engaging in the Business of Manufacturing Ammunition Without a License in violation of 18 U.S.C. §§ 922(a)(1)(B) and 924 (a)(1)(D) are as follows:

First:   The defendant was not a federally licensed manufacturer of ammunition; and

Second:   The defendant willfully engaged in the business of manufacturing ammunition.

*See* Ninth Circuit Model Criminal Jury Instruction 8.53 (revised Feb. 2014).

## IV. CONSEQUENCES OF CONVICTION

4.   Maximum and Mandatory Statutory Penalties: Defendant understands that the statutory maximum sentence the district court can impose for a violation of 18 U.S.C. §§ 922(a)(1)(B) and 924 (a)(1)(D) (Engaging in the Business of Manufacturing Ammunition Without a License), as charged in the single-count indictment, is: 5 years of imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

5.   Criminal Forfeiture: Defendant understands that the district court will impose forfeiture of the property described in Paragraph 26 below.

6.   Parole Abolished: Defendant acknowledges that defendant's prison sentence cannot be shortened by early release on parole because parole has been abolished.

7.   Supervised Release: Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted

1   in the term of supervised release, which could result in defendant serving a total term of

2   imprisonment greater than the statutory maximum stated above.

3         8.   <u>Factors under 18 U.S.C. § 3553</u>: Defendant understands that the district court

4   must consider the factors set forth in 18 U.S.C. § 3553(a) in determining defendant's

5   sentence. However, the statutory maximum sentence and any statutory mandatory sentence

6   limit the district court's discretion in determining defendant's sentence.

7         9.   <u>Potential Collateral Consequences of Conviction</u>: Defendant understands

8   that, by pleading guilty, defendant may be giving up valuable government benefits and

9   valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold

10   office, and the right to serve on a jury. Defendant understands that once the district court

11   accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm

12   or ammunition. Defendant understands that the conviction in this case may also subject

13   defendant to various other collateral consequences, including but not limited to revocation

14   of probation, parole, or supervised release in another case and suspension or revocation of a

15   professional license. Defendant understands that unanticipated collateral consequences will

16   not serve as grounds to withdraw defendant's guilty plea.

17         10.   <u>Potential Removal / Deportation Consequences of Conviction</u>: Defendant

18   understands that, if defendant is not a United States citizen, the felony conviction in this

19   case may subject defendant to removal, also known as deportation, which may, under some

20   circumstances, be mandatory; denial of citizenship; and denial of admission to the United

21   States in the future. The district court cannot, and defendant's attorney also may not be able

22   to, advise defendant fully regarding the immigration consequences of the felony conviction

23

24

1   in this case. Defendant understands that unexpected immigration consequences will not

2   serve as grounds to withdraw defendant's guilty plea.

### V. FACTUAL BASIS

4        11.    Defendant admits that defendant is, in fact, guilty of the offense to which

5   defendant is agreeing to plead guilty. Defendant acknowledges that if defendant elected to

6   go to trial instead of pleading guilty, the USAO could prove defendant's guilt beyond a

7   reasonable doubt and establish its right to forfeit the specified property by preponderance of

8   the evidence. Defendant further acknowledges that defendant's admissions and declarations

9   of fact set forth below satisfy every element of the charged offense. Defendant waives any

10   potential future claim that the facts defendant admitted below are insufficient to satisfy the

11   elements of the charged offense. Defendant admits and declares under penalty of perjury

12   that the facts set forth below are true and correct:

13        a.    From at least in or about July 2016, through on or about October 19, 2017, in

14   the District of Nevada and elsewhere, Defendant Douglas Haig operated an ammunition

15   business known as Specialized Military Ammunition (SMA). Defendant operated the

16   business out of a workshop facility located at his residence in Arizona. He also maintained a

17   website (www.smammo.com) that advertised ammunition that defendant had manufactured

18   and provided information enabling customers to contact defendant and make purchases of

19   ammunition.

20        b.    Defendant used SMA to promote and sell at gunshows and over the internet

21   ammunition that he manufactured. Defendant carried on this ammunition manufacturing

22   business for purposes of livelihood and profit.

23

24

c. Defendant traveled to at least one gunshow in the District of Nevada where he sold ammunition that he manufactured in Arizona. Defendant on multiple occasions also shipped ammunition that he manufactured in Arizona to customers in the District of Nevada.

d. Defendant knew that federal firearms law required a license to engage in the ammunition manufacturing business that he was conducting. Despite this knowledge, defendant knowingly and willfully engaged in the business without first obtaining a federal firearms license permitting his activity.

## VI. SENTENCING FACTORS

12. <u>Discretionary Nature of Sentencing Guidelines</u>: Defendant understands that in determining defendant's sentence, the district court is required to calculate the applicable sentencing guidelines range and to consider that range, possible departures under the sentencing guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the sentencing guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated sentencing guidelines range, and that after considering the sentencing guidelines and the other § 3553(a) factors, the district court will be free to exercise its discretion to impose any sentence it finds appropriate between the mandatory sentence and up to the maximum set by statute for the crimes of conviction.

13. <u>Offense Level Calculations</u>: The parties jointly agree and stipulate that, in calculating defendant's advisory guidelines sentencing range, the district court should use the following base offense level; acknowledge that these stipulations do not bind the district court; and agree that they will not seek to apply or advocate for the use of any other base

1  offense level or any other specific offense characteristics, enhancements, or reductions in

2  calculating the advisory guidelines range except as expressly noted in the following

3  paragraphs:

4          Base Offense Level [USSG § 2K2.1(a)(7)]:                    12

5          Defendant and the USAO reserve the right to argue only whether the following

6  specific offense characteristics, adjustments, and departures under the sentencing guidelines

7  are appropriate: (a) a two-level upward departure under USSG § 2K2.1 application note 11

8  based on the quantity of armor piercing ammunition involved in the offense; and (b) a

9  two-level enhancement under USSG § 3C1.1 for Obstruction of Justice.

10         14.    Reduction for Acceptance of Responsibility: Under USSG § 3E1.1(a), the

11  USAO will recommend that defendant receive a two-level downward adjustment for

12  acceptance of responsibility unless defendant (a) fails to truthfully admit facts establishing a

13  factual basis for the guilty plea when defendant enters the plea; (b) fails to truthfully admit

14  facts establishing the amount of restitution owed when defendant enters the guilty plea;

15  (c) fails to truthfully admit facts establishing the forfeiture allegations when defendant enters

16  the guilty plea; (d) provides false or misleading information to the USAO, the Court,

17  Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides

18  conflicting statements regarding defendant's involvement or falsely denies or frivolously

19  contests conduct relevant to the offense; (f) attempts to withdraw defendant's guilty plea;

20  (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the

21  conditions of pretrial release.

22         Under USSG § 3E1.1(b), if the district court determines that defendant's total offense

23  level before operation of § 3E1.1(a) is 16 or higher, and if the USAO recommends a two-

24

1    level downward adjustment pursuant to the preceding paragraph, the USAO will move for

2    an additional one-level downward adjustment for acceptance of responsibility before

3    sentencing because defendant communicated defendant's decision to plead guilty in a timely

4    manner that enabled the USAO to avoid preparing for trial and to efficiently allocate its

5    resources.

6         15.    Criminal History Category: Defendant acknowledges that the district court

7    may base defendant's sentence in part on defendant's criminal record or criminal history.

8    The district court will determine defendant's criminal history category under the sentencing

9    guidelines.

10         16.    Additional Sentencing Information: The stipulated sentencing guidelines

11    calculations are based on information now known to the parties. Defendant understands

12    that both defendant and the USAO are free to (a) supplement the facts in this agreement by

13    supplying relevant information to the U.S. Probation and Pretrial Services Offices and the

14    district court regarding the nature, scope, and extent of defendant's criminal conduct and

15    any aggravating or mitigating facts or circumstances; and (b) correct any and all factual

16    misstatements relating to the district court's sentencing guidelines calculations and

17    determination of sentence. While this paragraph permits both the USAO and defendant to

18    submit full and complete factual information to the U.S. Probation and Pretrial Services

19    Offices and the district court, even if that factual information may be viewed as inconsistent

20    with the facts agreed to in this agreement, this paragraph does not affect defendant's and the

21    USAO's obligations not to contest the facts agreed to in this agreement. Good faith efforts

22    to provide truthful information or to correct factual misstatements shall not be grounds for

23    defendant to withdraw defendant's guilty plea.

24

Defendant acknowledges that the U.S. Probation Office may calculate the sentencing guidelines differently and may rely on additional information it obtains through its investigation. Defendant also acknowledges that the district court may rely on this and other additional information as it calculates the sentencing guidelines range and makes other sentencing determinations, and the district court's reliance on such information shall not be grounds for defendant to withdraw defendant's guilty plea.

## VII. POSITIONS REGARDING SENTENCING

17.     At sentencing, the USAO may request a 2-level upward variance under 18 § USC 3553(a) in the event the court declines to adopt a 2-level upward departure under USSG § 2K2.1 application note 11, and may recommend a sentence within the associated Guidelines range. The USAO will not request any other upward variances or departures. Defendant may argue for downward departures under the guidelines or a downward variance pursuant to 18 U.S.C. § 3553. Defendant acknowledges that the district court does not have to follow the recommendation of either party.

18.     Notwithstanding its agreement to recommend a sentence as described above, the USAO reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

19.     If defendant commits any act that could result in a loss of the downward adjustment for acceptance of responsibility, the USAO is entitled to argue for a sentence up to the statutory maximum sentence, or alternatively to withdraw from the agreement, but defendant will remain bound by the provisions of this agreement and will not have the right to withdraw defendant's guilty plea.

## VIII. WAIVER OF CONSTITUTIONAL RIGHTS

20.     Defendant understands that by pleading guilty, defendant gives up the following rights:

    a.     The right to persist in a plea of not guilty;

    b.     The right to a speedy and public trial by jury;

    c.     The right to be represented by counsel—and if necessary have the court appoint counsel—at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel—and if necessary have the court appoint counsel—at every other stage of the proceeding;

    d.     The right to be presumed innocent and to have the burden of proof placed on the USAO to prove defendant guilty beyond a reasonable doubt;

    e.     The right to confront and cross-examine witnesses against defendant;

    f.     The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify;

    g.     The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant; and

    h.     The right to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and any other pretrial motions that have been filed or could be filed.

## IX. WAIVER OF RETURN OF DIGITAL DATA

21.     Understanding that the investigating agency has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that

if any of these digital devices and/or digital media are returned to defendant, the agency may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## X. WAIVER OF APPELLATE RIGHTS

22.     Waiver of Appellate Rights: Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the district court; (b) the right to appeal the manner in which the district court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction, including but not limited to the constitutionality of the statutes of conviction; any other aspect of the sentence; and any order of restitution or forfeiture.

23.     Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or variance from the applicable Sentencing Guideline range as determined by the district court.

24.     Waiver of Post-Conviction Rights: Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to defendant's conviction, sentence, and the procedure by which the district court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

25.     Preservation of Evidence: Defendant acknowledges that the USAO and the agencies investigating this case are not obligated or required to preserve any evidence obtained in the investigation of this case.

## XI. FORFEITURE

26.     The defendant knowingly and voluntarily:

1          a.      Agrees to the district court imposing the civil judicial forfeiture or the

2   criminal forfeiture of:

3      1.      40 lbs. of reloaded tracer rounds of .308 ammunition;

4      2.      50 live rounds of silver tip ammunition;

5      3.      20 packaged live rounds of M62 tracer ammunition;

6      4.      130 live rounds of .223 ammunition;

7      5.      30 live rounds of 5.56 NATO / .223 Remington USG/ M196 Tracer

8              ammunition;

9      6.      80 live rounds of 7.62 x 39 self-destroying thermite incendiary ammunition;

10     7.      72 lbs. of tracer rounds of .308 ammunition in ammo can;

11     8.      10 lbs. of .308 rounds of ammunition with belt;

12     9.      48 .308 tracer CCLA ammunition with belt;

13     10.     8 lbs. of empty cartridge cases;

14     11.     15 lbs. of API projectiles in ammo can;

15     12.     50 live rounds of silvertip ammunition;

16     13.     5 lbs. of tracer rounds of .30 ammunition;

17     14.     10 lbs. of .223 tracer projectiles;

18     15.     8 live rounds of .223 ammunition;

19     16.     10 lbs. of live assorted rounds of .308 ammunition;

20     17.     10 lbs. of live rounds of .22 ammunition with ammo can;

21     18.     2 lbs. of .30 tracer projectiles;

22     19.     38 lbs. of .308 tracer ammunition with ammo can;

23     20.     1 lb. of live .308 tracer ammunition;

24

21. 4 live rounds of 30-06 silver tip ammunition;

22. 37 lbs. of live .308 tracer ammunition;

23. 41 lbs. of live .308 tracer ammunition;

24. 33 lbs. of live .308 tracer ammunition;

25. 18 lbs. of 30-06 CCLA in ammo can;

26. 18 lbs. of 30-06 CCLA in ammo can;

27. 11 lbs. of 7.62 NATO - .308 WIN ammunition in ammo can;

28. 30 rounds of 8 x 57 mm tracer ammunition;

29. 10 rounds of 30-06 M25 tracer ammunition;

30. 42 rounds of 30-06 .30 SPRG armor piercing ammunition;

31. 8 live rounds of unknown ammunition;

32. 6 lbs. of live various caliber ammunition;

33. 19 lbs. of live .308 ammunition and .556 ammunition;

34. 17 lbs. of .223 tracer bullets;

35. 10 lbs. of live .308 ammunition with ammo can;

36. 19 lbs. of live FN308 caliber ammunition;

37. 250 spent 5.56 NATO casings;

38. 3 lbs. of 30-06 API;

39. 2 live rounds of .223 ammunition;

40. 4 live rounds of 9 mm ammunition;

41. 10 live rounds of .223 ammunition;

42. 30 live rounds of ammunition;

43. 2 lbs. of live .308 ammunition;

1

44. 10 live rounds of 30-06 ammunition;

2

45. 1 lb. of 30-06 projectiles;

3

46. 7 live rounds of .308 ammunition;

4

47. 1 lb. of live rounds of .223 ammunition;

5

48. 10 live rounds of 30-06 silver tip ammunition;

6

49. 10 .300 blackout Raufoss HE incendiary tracer ammunition;

7

50. 1 lb. of live red tip ammunition;

8

51. 7 live rounds of .223 ammunition;

9

52. 20 live rounds of 30-06 ammunition;

10

53. 6 lbs. of unknown caliber projectile cores;

11

54. 10 live rounds of 30-06 black tip ammunition;

12

55. 13 live rounds of 30-06 ammunition;

13

56. 2 lbs. of live rounds of .30 ammunition;

14

57. 1 lb. of various calibers of live ammunition;

15

58. 86 live rounds of .308 ammunition;

16

59. 4 live rounds of 30-06 ammunition;

17

60. 1 live round of .308 ammunition;

18

61. 7 live rounds of 7.62 x 39 ammunition;

19

62. 17 live rounds of 30-06 silvertip and orange tip ammunition;

20

63. 19 live rounds of .308 ammunition;

21

64. 14 live rounds of 30-06 ammunition;

22

65. 1 lb. of various calibers of ammunition;

23

66. 8 lbs. of .30 tracer projectiles;

24

67. 29 live rounds of .223 ammunition;

68. 11 lbs. of .30 projectiles;

69. 50 live rounds of 7.62 x 39 ammunition;

70. 50 live rounds of custom ammunition with unknown caliber;

71. 30 live rounds of 30-06 Raufoss HE incendiary ammunition;

72. 30 live rounds of 30-06 armor piercing incendiary ammunition;

73. Spent cartridge casings;

74. 33 lbs. of API ammunition;

75. 7 lbs. of live .223 tracer ammunition and 9 mm projectiles;

76. 11 lbs. of .308 tracer projectiles;

77. 1 .308 and 1 30-06 tracer ammunition;

78. 17 lbs. of live rounds of .308 ammunition;

79. 7 lbs. of assorted live .308 ammunition;

80. 17 lbs. of .308 blacktip AP;

81. 7 lbs. of .30 tracer projectiles;

82. 3 lbs. of live .308 ammunition;

83. 10 live rounds of .300 AAL Blackout tracer ammunition;

84. 18 lbs. of assorted live .308 ammunition;

85. 8 live rounds of assorted 30-06 ammunition;

86. 15 live rounds of 30-06 black tip ammunition;

87. 10 live rounds of .223 blue tip ammunition;

88. 1 lb. of .223 tracer ammunition; and

89. 11 live rounds of 7.62 ammunition.

1    (all of which constitutes property);

2               b.      Agrees to the abandonment, the civil administrative forfeiture, the civil

3    judicial forfeiture, or the criminal forfeiture of the property;

4               c.      Abandons or forfeits the property to the United States;

5               d.      Relinquishes all possessory rights, ownership rights, and all rights,

6    titles, and interests in the property;

7               e.      Waives defendant's right to any abandonment proceedings, any civil

8    administrative forfeiture proceedings, any civil judicial forfeiture proceedings, or any

9    criminal forfeiture proceedings of the property (proceedings);

10              f.      Waives service of process of any and all documents filed in this action

11   or any proceedings concerning the property arising from the facts and circumstances of this

12   case;

13              g.      Waives any further notice to defendant, defendant's agents, or

14   defendant's attorney regarding the abandonment or the forfeiture and disposition of the

15   property;

16              h.      Agrees not to file any claim, answer, petition, or other documents in

17   any proceedings concerning the property; agrees not to contest, or to assist any other person

18   or entity in contesting, the forfeiture; and agrees to withdraw immediately any claim,

19   answer, petition, or other documents in any proceedings;

20              i.      Waives the statute of limitations, the CAFRA requirements, Fed. R.

21   Crim. P. 7, 11, 32.2, and 43(a), including, but not limited to, forfeiture notice in the

22   charging document, the court advising defendant of the forfeiture at the change of plea, the

23   court having a forfeiture hearing, the court making factual findings regarding the forfeiture,

24

1    the court failing to announce the forfeiture at sentencing, and all constitutional

2    requirements, including but not limited to, the constitutional due process requirements of

3    any proceedings concerning the property;

4             j.      Waives defendant's right to a jury trial on the forfeiture of the

5    property;

6             k.      Waives all constitutional, legal, and equitable defenses to the forfeiture

7    or abandonment of the property in any proceedings, including, but not limited to, (1)

8    constitutional or statutory double jeopardy defenses and (2) defenses under the Excessive

9    Fines or Cruel and Unusual Punishments Clauses of the Eighth Amendment to the United

10   States Constitution;

11            l.       Agrees to the entry of an Order of Forfeiture of the property to the

12   United States;

13            m.      Waives the right to appeal any Order of Forfeiture;

14            n.      Agrees the property is forfeited to the United States;

15            o.      Agrees and understands the abandonment, the civil administrative

16   forfeiture, the civil judicial forfeiture, or the criminal forfeiture of the property shall not be

17   treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any

18   other penalty the Court may impose upon defendant in addition to the abandonment or the

19   forfeiture;

20            p.      Agrees and understands the USAO may amend the forfeiture order at

21   any time to add subsequently located property or substitute property pursuant to Fed. R.

22   Crim. P. 32.2(b)(2)(C) and 32.2(e);

23

24

q.      Acknowledges that the amount of the forfeiture may differ from, and may be significantly greater than or less than, the amount of restitution; and

r.      Agrees to take all steps as requested by the USAO to pass clear title of the property to the United States and to testify truthfully in any judicial forfeiture proceedings. Defendant understands and agrees that the property represents proceeds and/or facilitating property of illegal conduct and is forfeitable. Defendant shall provide the USAO with a full and complete financial disclosure statement under penalty of perjury within 10 days of executing the plea agreement. The financial statement shall disclose to the USAO all of assets and financial interests valued at more than $1,000. Defendant understands these assets and financial interests include all assets and financial interests that defendant has an interest, direct or indirect, whether held in defendant's name or in the name of another, in any property, real or personal. Defendant shall also identify all assets valued at more than $1,000 which defendant has transferred to third parties or diverted from defendant directly to third parties, since July 2016, including the location of the assets and the identity of any third party.

s.      The defendant admits the property is any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(a)(1)(B), and is subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1) with 28 U.S.C. § 2461(c).

## XII. RESULT OF WITHDRAWAL OF GUILTY PLEA OR VACATUR/REVERSAL/SET-ASIDE OF CONVICTION

27.     <u>Consequence of Withdrawal of Guilty Plea</u>: Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that

1   entry into this agreement was involuntary, then (a) the USAO will be relieved of all of its

2   obligations under this agreement; and (b) should the USAO choose to pursue any charge

3   that was either dismissed or not filed as a result of this agreement, then (i) any applicable

4   statute of limitations will be tolled between the date of defendant's signing of this agreement

5   and the filing commencing any such action; and (ii) defendant waives and gives up all

6   defenses based on the statute of limitations, any claim of pre-indictment delay, or any

7   speedy trial claim with respect to any such action, except to the extent that such defenses

8   existed as of the date of defendant's signing this agreement.

9       28.   Consequence of Vacatur, Reversal, or Set-aside: Defendant agrees that if

10  defendant's conviction is vacated, reversed, or set aside, both the USAO and defendant will

11  be released from all their obligations under this agreement, except that, should the USAO

12  choose to pursue any charge that was either dismissed or not filed as a result of this

13  agreement, then (i) any applicable statute of limitations will be tolled between the date of

14  defendant's signing of this agreement and the filing commencing any such action; and

15  (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim

16  of pre-indictment delay, or any speedy trial claim with respect to any such action, except to

17  the extent that such defenses existed as of the date of defendant's signing this agreement.

18              **XIII. BREACH OF AGREEMENT**

19      29.   Defendant agrees that if, at any time after this agreement becomes effective,

20  defendant knowingly violates or fails to perform any of defendant's obligations under this

21  agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's

22  obligations are material, a single breach of this agreement is sufficient for the USAO to

23  declare a breach, and defendant shall not be deemed to have cured a breach without the

24

1  express agreement of the USAO in writing. If the USAO declares this agreement breached,

2  and the district court finds such a breach to have occurred, then: (a) if defendant has

3  previously entered a guilty plea pursuant to this agreement, defendant will remain bound by

4  the provisions of this agreement and will not be able to withdraw the guilty plea, and (b) the

5  USAO will be relieved of all its obligations under this agreement.

6        30.      Following the Court's finding of a knowing breach of this agreement by

7  defendant, should the USAO choose to pursue any charge that was either dismissed or not

8  filed as a result of this agreement, then:

9              a.      Defendant agrees that any applicable statute of limitations is tolled

10  between the date of defendant's signing of this agreement and the filing commencing any

11  such action.

12             b.      Defendant waives and gives up all defenses based on the statute of

13  limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any

14  such action, except to the extent that such defenses existed as of the date of defendant's

15  signing this agreement.

16             c.      Defendant agrees that: (i) any statements made by defendant, under

17  oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the

18  agreed to factual basis statement in this agreement; and (iii) any evidence derived from such

19  statements, shall be admissible against defendant in any such action against defendant, and

20  defendant waives and gives up any claim under the United States Constitution, any statute,

21  Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), or any other

22  federal rule, that the statements or any evidence derived from the statements should be

23  suppressed or are inadmissible.

24

## XIV. COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES.

31.     Defendant understands that the Court and the U.S. Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

32.     Defendant understands that both defendant and the USAO are free to argue on appeal and collateral review that the district court's sentencing guidelines calculations and the sentence it chooses to impose are not error.

33.     Defendant understands that even if the district court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to by the parties, or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one—not the prosecutor, defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## XV. ADDITIONAL ACKNOWLEDGMENTS

34.     Defendant acknowledges that:

a.     Defendant read this agreement and defendant understands its terms and conditions.

b.     Defendant had adequate time to discuss this case, the evidence, and this agreement with defendant's attorney.

c.      Defendant carefully and thoroughly discussed all terms of this agreement with defendant's attorney.

d.      Defendant understands the terms of this agreement and voluntarily agrees to those terms.

e.      Defendant has discussed with defendant's attorney the following: the evidence; defendant's rights; possible pretrial motions that might be filed; possible defenses that might be asserted either prior to or at trial; the sentencing factors set forth in 18 U.S.C. § 3553(a); the relevant sentencing guidelines provisions; and consequences of entering into this agreement.

f.      The representations contained in this agreement are true and correct, including the factual basis for defendant's offense set forth in this agreement.

g.      Defendant was not under the influence of any alcohol, drug, or medicine that would impair defendant's ability to understand the agreement when defendant considered signing this agreement and when defendant signed it.

35.     Defendant understands that defendant alone decides whether to plead guilty or go to trial, and acknowledges that defendant has decided to enter defendant's guilty plea knowing of the charge brought against defendant, defendant's possible defenses, and the benefits and possible detriments of proceeding to trial.

36.     Defendant understands that no promises, understandings, or agreements other than those set forth in this agreement have been made or implied by defendant, defendant's attorney, or the USAO, and no additional promises, agreements, or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the district court.

37.     Defendant acknowledges that defendant decided to plead guilty voluntarily and that no one threatened, coerced, or forced defendant to enter into this agreement.

38.     Defendant is satisfied with the representation of defendant's attorney, and defendant is pleading guilty because defendant is guilty of the charge and chooses to take advantage of the promises set forth in this agreement and for no other reason.

## XVI. PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

39.     The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE DISTRICT OF NEVADA

NICHOLAS A. TRUTANICH
United States Attorney


_____          ___11/19/19___
PATRICK BURNS                                                  Date
Assistant United States Attorney


_____          ___11/06/2019___
DOUGLAS HAIG                                                  Date
Defendant


_____          ___11-6-19___
MARC J. VICTOR, ESQ.                                      Date
Attorney for Defendant HAIG