UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff(s),<br><br>v.<br><br>DOUGLAS HAIG,<br><br>Defendant(s). | Case No. 2:18-CR-256 JCM (VCF)<br><br>ORDER |

Presently before the court is the matter of *United States v. Haig*, case number 2:18-cr-00256-JCM-VCF. Defendant Douglas Haig has filed a "motion to preclude irrelevant and unduly prejudicial witness testimony at sentencing." (ECF No. 126). The government filed a response (ECF No. 127), to which Haig replied (ECF No. 128).

Haig contends that the government should be precluded from introducing evidence from witnesses relating to Steven Paddock's October 2017 mass shooting in Las Vegas, Nevada ("mass shooting"). (ECF No. 126). In reliance on the "exclusionary principles" of Federal Rule of Evidence 403, Haig argues that "[w]itness testimony regarding the victim impact of Paddock's unprecedented and inflammatory criminal conduct in Las Vegas, Nevada is irrelevant to the licensing violation to which Mr. Haig pled guilty." *Id*.

The government argues in response that it does not intend to call any victims of the mass shooting as witnesses at the sentencing hearing. (ECF No. 127). Further, the government argues that "it is entitled to present at sentencing the nature and circumstances of Haig's offense," to include "his promotion and distribution-for-profit of dangerous, destructive, military-style ammunition" and "how his criminal conduct may have enabled or contributed to the crimes of others, such as the person who perpetrated the [mass shooting]." *Id*. The government also

**James C. Mahan**
**U.S. District Judge**

contends that Haig's motion erroneously applies Federal Rule of Evidence 403 to exclude evidence from a sentencing hearing. *Id*.

The Federal Rules of Evidence do not apply at a sentencing hearing. Fed. R. Evid. 1101(d)(3). "[A] sentencing judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Nichols v. United States*, 511 U.S. 738, 747 (1994) (citation and internal quotation marks omitted). By statute, there is "[n]o limitation … on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. Further, the Federal Rules of Criminal Procedure provide that the presentence report must contain "information that assesses any financial, social, psychological, and medical impact *on any victim*." Fed. R. Crim. P. 32(d)(2)(B) (emphasis added).

The Supreme Court has stated that, "[i]n discharging his duty of imposing a proper sentence, the sentencing judge is authorized, if not required, to consider all of the mitigating and aggravating circumstances involved in the crime." *Williams v. Oklahoma*, 358 U.S. 576, 585 (1959). The defendant may object to any matter that is untrue or involves a violation of the defendant's constitutional rights. *United States v. Tucker*, 404 U.S. 443, 447–49 (1972).

At sentencing, the court has near unfettered discretion to inquire into the circumstances surrounding Haig's crime. Haig has cited no authority to the contrary, as the court is unpersuaded that the "exclusionary principles" of Rule 403 govern its inquiry at sentencing. *See* Fed. R. Evid. 1101(d)(3) ("These rules—except for those on privilege—do not apply to the following: … (3) miscellaneous proceedings such as: … sentencing; ….."). Further, the court is required to consider the "nature and circumstances of the offense and the history and characteristics of the defendant" at sentencing. 18 U.S.C. 3553(a)(1).

The court will therefore deny Haig's motion. Haig reserves the right to object to any evidence raised at the sentencing hearing that is untrue or involves a violation of his constitutional rights. *See Tucker*, 404 U.S. at 447–49.

. . .

**James C. Mahan**
**U.S. District Judge**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Haig's "motion to preclude irrelevant and unduly prejudicial witness testimony at sentencing" (ECF No. 126) be, and the same hereby is, DENIED.

DATED March 5, 2020.

_____
UNITED STATES DISTRICT JUDGE