UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff(s),<br><br>　　v.<br><br>DOUGLAS HAIG,<br><br>　　　　　　　　　　　Defendant(s). | Case No. 2:18-CR-256 JCM (VCF)<br><br>ORDER |

     Presently before the court is the United States of America's ("the government") motion for leave to file a supplemental brief. (ECF No. 142). Douglas Haig ("defendant") filed a response (ECF No. 143), to which the government replied (ECF No. 144).

     Ordinarily, only a response is permitted to a sentencing memorandum. *See* LCR 32-1. Thus, a party may file a supplemental brief—in this case, a reply—only with leave of court granted for good cause. LR 7-2(g).

     Here, the government contends that good cause warrants a ten-page reply in support of its sentencing memorandum because defendant's response raises new arguments for the first time. (ECF No. 142 at 2–3). The government urges that defendant's response "simply jettisons his original objection," thus abandoning the argument that "he did not assemble armor piercing ammunition, but merely disassembled and then reassembled armor piercing ammunition already made by others" in favor of a new, unbriefed argument: "the ammunition he sold was not in fact armor piercing ammunition at all, and that he violated no statute in selling it to civilians." *Id.*

     Defendant disagrees, claiming that this argument is not new and that the government "had a fair opportunity to address any arguments raised by [defendant] in past memorandums." (ECF No. 143 at 2). The court disagrees. Defendant's objection was that he did not "manufacture"

**James C. Mahan**
**U.S. District Judge**

armor piercing ammunition. (*See* ECF Nos. 131; 133). The government briefed that issue in its voluminous sentencing memorandum. (ECF No. 135). Defendant did not object to the ammunition being characterized as armor piercing and did not otherwise brief that argument. (*See* ECF Nos. 131; 133). Thus, the government did not—and could not—brief that issue. (*See* ECF No. 135).

Thus, good cause appears to allow the government to file a short reply regarding whether the ammunition defendant manufactured was armor piercing.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the government's motion for leave to file a supplemental brief (ECF No. 142) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the government shall file its reply of no more than ten pages on or before May 8, 2020.

DATED May 1, 2020.

*[signature: James C. Mahan]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -